*577 OPINION.
Black:
We will dispose of the issues in the order of their statement. The first issue is as to the amount of taxable gain received by petitioner Carey on the redemption in 1926 of preferred stock which he owned in Boxboard. Respondent made the allocation of costs in accordance with his regulations, approved in Glenn H. Curtiss, 21 B.T.A. 629; aff'd., 57 Fed. (2d) 847. Petitioner introduced no evidence to show that respondent’s allocation of cost between the two classes of stock was incorrect. There being no evidence to overturn respondent’s allocation of cost, it remains unchanged. Petitioner’s assignment of error on this point is denied.
Petitioners’ next contention is that the dividends received by them in 1927 from Boxboard are taxable only in small part and that the balance thereof was a return of capital and therefore nontaxable.
This claim is based upon the contention that when Boxboard redeemed its preferred stock in September 1926, it did so out of the most recently accumulated earnings of the new Philadelphia Paper Manufacturing Co. and that hence when Boxboard declared and paid the $980,210 dividends in 1927, only a small part thereof was paid out of accumulated earnings and the balance was out of capital. For reasons we shall presently state, we do not think this contention can be sustained.
In the recent case of John B. Stewart, 29 B.T.A. 809, we had occasion to pass on a somewhat similar question, but we think that case is distinguishable on its facts from the facts of the instant case. In that case a corporation in 1926 bought and paid for 50 percent of its outstanding shares from two of its four shareholders and afterwards distributed this stock as a stock dividend to its two remaining shareholders. We held that the amounts paid for the stock in 1926 were statutory distributions as defined by section 201 (b) and (c), Revenue Act of 1926, and should be charged to profits accumulated since March 1, 1918, and if such profits were consumed by such distribution, additional distributions by way of dividends later made should be charged to earnings and profits accumulated prior to March 1, 1913, and treated accordingly. But it should be observed that in the Stewart case it was the earnings of the Windsor Tobacco Growers’ Corporation, the company which did the purchasing of its own stock, which we said were distributed out of most recently accumulated earnings of that company. Here it was Box-board which redeemed its own preferred shares in September 1926, and sought to apply thereto, not its own accumulated earnings, for at that time it had very little, if any, accumulated earnings, but the accumulated earnings of its subsidiary.
*578 Boxboard, although, at that time owning all of the capital stock of the new Philadelphia Paper Manufacturing Co., did not own its assets and therefore did not own its accumulated earnings. Cf. Arthur Curtiss James, 13 B.T.A. 764, 769; affirmed on another point, 49 Fed. (2d) 707. The property of a corporation is owned by the corporation and not its stockholders. Boxboard got the money from its subsidiary by borrowing and executing its promissory note therefor. It was not until December 16, 1926, that Boxboard became the owner of the assets of the new Philadelphia Paper Manufacturing Co., through a complete merger and liquidation of the latter company with the former. Then it was, under the authorities which we will presently cite, that the accumulated earnings of the new Philadelphia Paper Manufacturing Co. became the accumulated earnings of Boxboard and therefore available for dividend distribution. The Commissioner determined that the amount available to Boxboard for the distribution of dividends as at December 31, 1926, was $1,807,814.47. We do not find it necessary to decide whether the respondent’s determination of this amount was precisely correct or not. From the facts we have stated in our findings of fact, we are certain, and so hold, that when Boxboard paid dividends of $980,210 in 1927 it had ample earnings accumulated since February 28, 1913, with which to pay them, and that the dividends which petitioners Carey and Harter received were paid out of earnings accumulated since February 28, 1913, and not out of capital and were therefore taxable. On this issue we find for respondent.
In view of our holding on this issue, it becomes unnecessary to consider respondent’s alternative contention.
Upon the question of whether earned surplus of the constituent companies remains earned surplus of the successor company in nontaxable reorganizations, we deem it necessary to cite only the cases of Commissioner v. Sansome, 60 Fed. (2d) 931, and United States v. Kauffman, 62 Fed. (2d.) 1045, in which the Circuit Court of Appeals for the Second and Ninth Circuits both held “ that a corporate reorganization which results in no gain or loss ’ under section 202 (c) (2) (42 Stat. 230) does not toll the company’s life as continued venture under section 201, and that what were ‘ earnings or profits ’ of the original, or subsidiary company remain, for purposes of distribution, ‘ earnings or profits ’ of the successor, or parent, in liquidation.” To the same effect are our decisions in George F. Baker, Jr., Executor, 28 B.T.A. 704, and Helen V. Crocker, 29 B.T.A. 773.
Reviewed by the Board.

Decision will be entered under Buie 50.

Goodrich dissents.